**SO ORDERED.**

**SIGNED this 04 day of January, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

LYNN LANE WOOD,                                    CASE NO. 11-06583-8-JRL
                                                   CHAPTER 13
    DEBTOR.

_____

## ORDER

This matter came before the court on the debtor's former spouse's motion to dismiss and objection to confirmation of the debtor's chapter 13 plan and motion for relief from the automatic stay. A hearing was held on November 29, 2011 in Raleigh, North Carolina.

On October 20, 2008 the debtor and her former spouse entered into a marital property agreement ("agreement"). Both parties agreed that the debtor would be primarily liable for their mortgage debts. In regard to this and other obligations created by the agreement, "[t]he parties [agreed] . . . that each shall indemnify and hold harmless the other for the payment of same." The parties also agreed to "forever give up any right to spouse support (alimony) that they may have from the other." Finally, section 15 of the agreement states, "[t]o the extent of any obligation contained herein is discharged in bankruptcy and the non-bankrupt party is held liable for said debt, the non-bankrupt party shall have the right to petition a court of competent jurisdiction for spousal support in an amount sufficient to cover any amounts so discharged."

Subsequently, the debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on August 26, 2011.

## Discussion

The former spouse argues that the debtor's chapter 13 plan does not provide treatment for the domestic support obligation derived from their agreement. The debtor contends the agreement does not create a domestic support obligation, thus it may be dischargeable under chapter 13 of the Bankruptcy Code. In a chapter 7 case, § 523 of the Bankruptcy Code provides greater protection to support obligations owing to a debtor's former spouse than § 1328(a)(2) of the Bankruptcy Code. Pursuant to § 523 of the Bankruptcy Code,

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . .
>
> (5) for a domestic support obligation;
>
> . . .
>
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a government unit[.]

11 U.S.C. § 523 (a)(5), (15). Subsection 15 does not apply in a chapter 13 case.

> In a Chapter 13 case, an important distinction is drawn between [domestic support obligations] and other post-marital obligations. [Domestic support obligations] may not be discharged in Chapter 13. 11 U.S.C. § 1328(a)(2); 11 U.S.C. § 523(a)(5). However, other types of debts arising out of a separation or divorce, including property settlements, are dischargeable. 11 U.S.C. § 1328(a)(2); 11 U.S.C. § 523(a)(15). If an obligation underlying the claim is deemed a [domestic support obligation], pursuant to Section 523(a)(5), then the claim is entitled to priority treatment pursuant to Section 507(a)(1)(A), and any Chapter 13 plan must provide for its full payment, pursuant to Section 1322(a)(2).

In re Deberry, 429 B.R. 532, 537 (Bankr. M.D.N.C. 2010). Therefore, unless the agreement in question is a domestic support obligation it may be discharged at the conclusion of the debtor's case.

The debtor's former spouse contends the separation agreement does create a domestic support obligation. In order for the obligation to pay marital debts to constitute a domestic support obligation, it must be (1) owed to or recoverable by a former spouse; (2) in the nature of alimony, maintenance, or support; (3) established before the bankruptcy relief is filed by a separation agreement or divorce decree; and (4) not assigned other than for purpose of collection. 11 U.S.C. § 101(14A); see also In re DeBerry, 429 B.R. at 537–38. In order to determine whether the term is a spousal support obligation, the court should look "beyond any labels used by the parties and instead determine whether 'at the time of its creation the parties intended the obligation to function as support or alimony.'" McCollum v. McCollum, 415 B.R. 625, 631 (Bankr. M.D. Ga. 2009) (quoting Cummings v. Cummings, 244 F.3d 1263, 1265 (11th Cir. 2001)).

In Deberry the debtor did not agree to pay his former spouse alimony, spousal support, or maintenance. However, the court stated,

> [t]he language of the Separation Agreement evidences the parties' intent that . . . [the debtor's] obligation to pay one-half of the debts . . . is in the nature of alimony, maintenance, or support. This conclusion follows from the Separation Agreement, which states that "in lieu of periodic spousal support payments" [the debtor] shall pay [his former spouse] one-half of the minimum monthly payments for the joint marital debts listed in paragraph 5(e).

Deberry, 429 B.R. at 539 (quoting language from the parties' separation agreement). In the case at hand, both parties "forever [gave] up any right to spousal support (alimony) that they may

have from the other." No where in the agreement does it state that the debtor's obligations were in lieu of spousal support, alimony, or maintenance. Based on the language of the agreement, it is clear that the parties did not intend to have any obligations as support, alimony, or maintenance. Additionally, the former spouse did not present any evidence that the parties intended the debtor's obligations to be an obligation in lieu of alimony. The court finds the agreement amounts to a property settlement agreement which does not constitute a domestic support obligation. This is only a contractual obligation which may be discharged after successful completion of the debtor's chapter 13 plan. Therefore, the plan's failure to provide treatment for the property settlement is not grounds for dismissal or relief from the automatic stay.

In addition, the court finds that section 15 of the agreement, is an invalid pre-petition waiver of discharge. See In re Cole, 226 B.R. 647, 654 (9th Cir. 1998) (The court concluded the debtor's pre-petition waiver of discharge was invalid because "a prepetition waiver of the dischargeability of a debt undermines the purpose of the Code to give an honest but unfortunate debtor a fresh start."). The former spouse cannot use section 15 of the agreement to try and have a court retroactively grant spousal support once in bankruptcy to avoid dischargeability. This would stand in contravention of the purpose of the discharge in bankruptcy. If the obligation on the debt was not intended as alimony at the time of the agreement, the court cannot change the parties' intent to survive the discharge in bankruptcy.

Based on the foregoing, the former spouse's motions are **DENIED**.

**END OF DOCUMENT**